THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN P. STURGIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1451-R |
| | ) |
| FRANK THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts [Doc. No. 11] recommending dismissal of Plaintiff's Complaint for failure to exhaust administrative remedies and Plaintiff's Objection [Doc. No. 12] to the Report and Recommendation.

Plaintiff argues that exhaustion is not required prior to bringing an action pursuant to 42 U.S.C. § 1983. This argument is without merit. *See Jones v. Brock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011).

Plaintiff also argues that an issue in litigation is not a "grievable issue" under DOC policy and that this litigation began when he was in Hobart Hospital July 26 through August 1 of 2011. Plaintiff initiated this litigation by filing his Complaint on December 7, 2011 [Doc. No. 1]. Thus, Plaintiff's argument is without merit.

With respect to his Eighth Amendment claim for deliberate indifference to his serious medical needs, Plaintiff's claim is predicated on Warden James Rudek's allowing Plaintiff

to stay in his facility from August 1, 2011 until the date Plaintiff filed his Complaint allegedly without proper treatment. *See* Complaint at p. 3, ¶ B(1) & (2). Hence, the alleged fact that Plaintiff was in the hospital from July 26, 2011 through August 1, 2011 and the alleged fact that DOC officials would not give Plaintiff a Request to Staff while he was in the hospital does not excuse Plaintiff's failure to exhaust this claim.

With respect to Plaintiff's First Amendment claim against DOC officers based on their alleged refusal to allow him to use the phone to notify his family that he was in the hospital, *see* Complaint at p. 4, ¶ C(1) & (2), Plaintiff states that DOC employees would not give him a Request to Staff form. But Plaintiff's unsworn statement to that effect is insufficient to show that there was no administrative remedy available to the Plaintiff inasmuch as when he got out of the hospital it would have been too late to timely submit a request to staff concerning this incident. Moreover, in Plaintiff's response to the Magistrate Judge's Order to Show Cause [Doc. No. 9], Plaintiff states that he was discharged from Elkview General Hospital in Hobart, Oklahoma on July 30, 2011. *See* Response [Doc. No. 10] at p. 1. Thus, Plaintiff could have timely initiated the administrative procedures necessary to exhaust his administrative remedies.

With respect to Plaintiff's First Amendment claim that DOC employees prevented Plaintiff from contacting his family before or after surgery and that DOC employees did not contact his family, *see* Complaint at pp. 7-8, Plaintiff has wholly failed to show that he fully exhausted his administrative remedies or that those remedies were not available to him. "A prisoner must exhaust all available administrative remedies, even if the administrative

remedies 'appear to be futile at providing the kind of remedy sought.'" *Hicks v. Jones*, 332 Fed. Appx. 505, 507 (10th Cir. 2009), quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  See *Patel v. Fleming*, 415 F.3d 1105, 1109 (10th Cri. 2005).

Plaintiff implies that his Complaint should not be dismissed *sua sponte* for failure to exhaust administrative remedies because that is an affirmative defense.  However, the Magistrate Judge gave Plaintiff the opportunity to address the issue of exhaustion before recommending dismissal and Plaintiff has had another opportunity to address the issue in his Objection to the Report and Recommendation.  In such a circumstance, the affirmative defense of exhaustion may be raised and a complaint may be dismissed based upon failure to exhaust *sua sponte*.  See *e.g., Markovich v. Correct Care Solutions*, 406 Fed. Appx. 264, 265 (10th Cir. 2010), *citing* and *quoting Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Having considered the Report and Recommendation *de novo* in light of Plaintiff's objections, the Report and Recommendation is ADOPTED and Plaintiff's Complaint is DISMISSED without prejudice for failure to exhaust available administrative remedies.

IT IS SO ORDERED this 20th day of March, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE